UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KATHELINE PIERRE,

                Plaintiff,

v.

MARK EUBANKS, President and Chief Executive Officer, Brinks, Inc.,

                Defendant.

**MEMORANDUM & ORDER**

24-CV-5996 (HG) (VMS)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff Katheline Pierre filed this action *pro se* in the United States District Court for the Southern District of New York, which transferred it to this Court on August 27, 2024. ECF No. 6 (Transfer Order). On September 18, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP").[1] Plaintiff's initial Complaint named "John Doe, Brinks Armored Truck Driver," as the only defendant, provided an address for service in Richmond, Virginia,[2] and alleged that Plaintiff was harmed in Brooklyn. ECF No. 1 at 4 (Complaint).[3] Plaintiff's subsequent filings name "Mark Eubanks, CEO Brinks" as a defendant and assert that he is "respondeat superior in this case." ECF No. 17 at 5. Plaintiff has filed two amended complaints in this action. ECF No. 13, 17 (Amended Complaints). For the reasons explained herein, Plaintiff's claim is dismissed.

---

[1] Plaintiff has filed another motion for leave to proceed IFP. ECF No. 14. Because the Court has already granted Plaintiff leave to proceed IFP, this new motion is moot.

[2] This address, which appears to be a PO Box, appears in the Contacts tab on the website for The Brink's Company.

[3] The Court refers to the pages assigned by the Electronic Case Filing System ("ECF").

## BACKGROUND

Plaintiff alleges that she was injured when an employee of The Brink's Company ("Brink's") hit her with the back of his truck, causing injuries. ECF No. 17 at 5 (Second Amended Complaint). As already explained, in her initial Complaint, Plaintiff first named a "John Doe" Brinks employee as a Defendant. ECF No. 1. On September 18, 2024, the Court entered an Order granting Plaintiff leave to proceed IFP but identifying problems with Plaintiff's Complaint that would prevent the case from moving forward. ECF No. 9. The Court explained that it could not issue a summons and direct service on a John Doe, that Plaintiff's Complaint did not provide a proper address for service on that individual, and that Plaintiff had not alleged facts sufficient to support a finding that the Court had subject matter jurisdiction over the action. *Id.* The Court gave Plaintiff 30 days to address these issues. *Id.*

After Plaintiff initially missed her deadline to respond to the Court's Order, the Court *sua sponte* allowed her additional time. On November 16, 2024, Plaintiff filed a letter on the docket stating that "the new named defendant holding respondeat superior liable [sic], is Mark Eubank, American Citizen and CEO of Brinks [sic] Company." ECF No. 11. Plaintiff asserted that "[t]he contact address shall remain the same." *Id.* After reviewing Plaintiff's letter, the Court issued another Order on December 4, 2024, explaining to Plaintiff that: (1) Plaintiff's initial Complaint contained only an electronic signature and not a hand-written signature, as is required in this district; (2) if Plaintiff wished to amend her Complaint to name an additional defendant who was not previously named, she needed to file an amended complaint and identify the specific factual allegations against each Defendant; (3) the address Plaintiff had provided for Mr. Eubank in her letter was not a proper address at which the United States Marshals could effectuate service; and (4) Plaintiff needed to provide the Court with information about all

Defendants' state citizenship to allow the Court to determine whether it had subject matter jurisdiction over her claim. ECF No. 12. The Court warned Plaintiff that this was her "final chance to address the issues that the Court has identified." *Id.*

On December 19, 2024, Plaintiff filed an Amended Complaint. ECF No. 13 ("First Amended Complaint"). In her First Amended Complaint, she replaced the John Doe Defendant with "Mark Eubanks, CEO, Brinks Inc." *Id.* She stated that she was holding Mr. Eubanks[4] "vicariously liable for the unjust actions of its employee" who allegedly hit her with his truck on October 20, 2020. *Id.* at 5–6. She did not allege Mr. Eubanks's individual citizenship but did allege corporate citizenship as to Mr. Eubanks, claiming that as CEO of Brink's, he is incorporated under the laws of the State of Virginia, and has "its" principal place of business in the State of Virginia. *Id.* at 5. Her factual allegations otherwise mirror those in her initial Complaint. *See generally id.* She also attaches to her First Amended Complaint documents describing her injuries. ECF No. 15. Her First Amended Complaint was again signed electronically rather than by hand. ECF No. 13 at 8.

After reviewing her First Amended Complaint, the Court issued yet another Order identifying for Plaintiff further issues with her Amended Complaint. ECF No. 16. The issues identified by the Court were: (1) Plaintiff's First Amended Complaint still did not provide a proper service address for Mr. Eubanks; (2) Plaintiff signed her First Amended Complaint electronically rather than by hand; (3) Plaintiff's First Amended Complaint did not identify any

---

[4] The case caption on Plaintiff's First Amended Complaint listed the Defendant as "Mark Eubanks" but throughout her First Amended Complaint, Plaintiff referred to the Defendant as "Mark Eubank." The Court's understanding is that the CEO of Brinks is named Mark Eubanks, as listed in Plaintiff's case caption. *See Mark Eubanks, President and Chief Executive Officer*, Brink's, https://investors.brinks.com/management/mark-eubanks (last visited Feb. 13, 2025). The Court will replace "Eubank" with "Eubanks" herein for ease of reference.

3

actions or omissions attributable to Mr. Eubanks; (4) Plaintiff needed to allege Mr. Eubanks's personal citizenship for diversity purposes; and (5) Plaintiff's claim appeared to be outside the three-year statute of limitations for personal injury actions in New York State. *Id.* The Court warned Plaintiff that it was her "fourth and final chance to address the issues" identified by the Court and that if she failed to respond to the Order and address the issues identified therein, her case would be dismissed. *Id.* at 4.

Plaintiff filed a Second Amended Complaint on January 23, 2025. ECF No. 17. She also filed a set of documents describing her injuries. ECF No. 18. Her Second Amended Complaint is now signed by hand. ECF No. 17 at 8. The allegations contained in Plaintiff's Second Amended Complaint are otherwise unchanged from those in her First Amended Complaint. *See generally id.* Plaintiff still states that she was injured on October 20, 2020, and does not identify any actions or omissions attributable to Mr. Eubanks.

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[5] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94

---

[5] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

4

(2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to requiring sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each named defendant so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000).

Additionally, under 28 U.S.C. § 1915(e)(2)(B), a district court "shall" dismiss an action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (ii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy," or when "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

## DISCUSSION

To date, the only issue identified with Plaintiff's submissions that Plaintiff has cured, despite nearly five months of trying, is the issue related to hand-signing her Complaint. The operative pleading in this action, Plaintiff's Second Amended Complaint, names a single Defendant, Mr. Eubanks. ECF No. 17. Again, the only address that Plaintiff provides for Mr.

Eubank is 1801 Bayberry Court in Richmond, Virginia, which is one of the mailing addresses that appears on the Brink's website for the corporation. *Id.* at 5. There is no indication in the Second Amended Complaint that Brink's has any operations at this location other than mail delivery despite the Court identifying this specific issue for Plaintiff in multiple prior Orders. *See generally id.*

In her Second Amended Complaint, Plaintiff again claims that Mr. Eubanks, as the CEO of Brink's, is "vicariously liable" for the "unjust actions" of an unknown employee, but she does not identify any actions or omissions attributable to Mr. Eubanks despite the Court's prior warnings. *Id.* Plaintiff states that she was injured by an impact with a Brink's armored truck on October 20, 2020, "on the corner of the street in downtown Brooklyn," but she does not identify the location or the time of the accident or any other information that would allow for identification of the specific truck and driver. *Id.* at 6. Plaintiff does not attach an accident report to her Complaint. Although she asserts that "Mark Eubank[s], CEO, BRINKS, INC." is a corporation that "is incorporated under the laws of the State of Virginia, and has its principal place of business in the State of Virginia," *id.* at 5, she has not alleged that Mr. Eubanks, as an individual, is domiciled in Virginia or can be reached by service of process at the Brink's PO Box address that she provides. And, despite having multiple opportunities to do so, Plaintiff has not named Brink's, the company, as a defendant.

The Court cannot determine that it has subject matter jurisdiction over Plaintiff's claim because Plaintiff has not plausibly alleged that Mr. Eubanks is a citizen of Virginia and thus diverse from Plaintiff. Pursuant to 28 U.S.C. § 1332, "federal courts have subject matter jurisdiction over state law claims where all plaintiffs and all defendants are of diverse citizenship and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

6

costs." *Pepentsev v. Ahmed*, No. 19-cv-6898, 2020 WL 2797224, at *2 (E.D.N.Y. May 28, 2020); *see also* 28 U.S.C. § 1332.  A plaintiff in federal court, "whether *pro se* or not, must establish that the court has subject matter jurisdiction over the action." *Winkler v. Hirsch*, No. 12-cv-3893, 2012 WL 3779295, at *1 (E.D.N.Y. Aug. 30, 2012).  Despite the Court's multiple prior warnings, Plaintiff continues to suggest that the citizenship of Brink's, a corporation, is the relevant citizenship in determining whether the Court has jurisdiction over this action.  Because Plaintiff is suing Mr. Eubanks and not Brink's, Mr. Eubanks's citizenship is the only citizenship relevant to the Court's jurisdiction.  *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (an individual's citizenship is not determined based on his place of business but rather by his "domicile," which is "the place where [he] has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning").

Because federal courts are courts of limited jurisdiction, this Court may not hear Plaintiff's case if it lacks subject matter jurisdiction over the issues presented.  *See Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).  Here, ignoring the Court's warnings, Plaintiff has not plausibly alleged that Mr. Eubanks is a citizen of Virginia, and therefore the Court cannot satisfy itself that it has subject matter jurisdiction to hear Plaintiff's claim.[6]  Accordingly, Plaintiff's claim must be dismissed.  *See, e.g.*, *Butler v. Faraci*, No. 24-cv-36, 2024 WL 1282352, at *6 (E.D.N.Y. Mar. 26, 2024) (dismissing *pro se* plaintiff's claims where she failed to adequately allege defendants' citizenship and brought her claims under the court's diversity jurisdiction); *Lue v. JPMorgan Chase & Co.*, No. 21-892, 2022 WL 1146219, at *1 (2d Cir. 2022) (remanding case to the district court with directions to determine whether it has diversity jurisdiction—and to dismiss the case if it determines that it does not—

---

[6]     Plaintiff has not, for example, provided the Court with a Virginia address for service on Mr. Eubanks separate and apart from the Brink's PO Box.

7

where *pro se* plaintiff's allegations were insufficient to establish the individual defendants' citizenship for diversity purposes).

Because Plaintiff is *pro se*, the Court notes for her benefit that, although it has not dismissed the case on these grounds, as the Court has warned Plaintiff, her claim is time-barred. The statute of limitations for personal injury actions in New York State is three years. N.Y. C.P.L.R. § 214(5); *see also Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 104 (2d Cir. 2023) (explaining that New York's statute of limitations for personal injury actions is three years). "*Sua sponte* dismissal" "is appropriate . . . where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *Kelly v. Florence*, No. 24-cv-2279, 2024 WL 5089769, at *10 (S.D.N.Y. Dec. 11, 2024) (citing cases); *see also Ross v. Cavalry Portfolio Servs., LLC*, 701 F. Supp. 3d 211, 223 (E.D.N.Y. 2023) ("[A] court may raise a statute of limitations defense *sua sponte* when the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted."), *aff'd,* No. 23-7861, 2024 WL 4404043 (2d Cir. Oct. 4, 2024); *Khalil v. Pratt Inst.,* 818 F. App'x 115, 116 (2d Cir. 2020) ("A complaint that is time-barred fails to state a claim on which relief may be granted, . . . and a district court may sua sponte dismiss a complaint as time-barred where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted."). Here, Plaintiff's own pleadings assert unequivocally that her alleged injury occurred on October 20, 2020. Plaintiff did not file her initial Complaint until July 30, 2024, more than three years after the alleged injury occurred. ECF No. 1. Accordingly, Plaintiff's claim falls outside of the statute of limitations and may be dismissed as time-barred.

"Leave to amend, though liberally granted, may properly be denied for," among other reasons, "repeated failure to cure deficiencies by amendments previously allowed." *Ruotolo v.*

*City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Here, the Court has already allowed Plaintiff to amend her complaint twice to address the issues identified herein, but neither amendment has adequately addressed these fundamental problems with her claim. Accordingly, Plaintiff's claim is dismissed without leave to amend. *See, e.g.*, *Hunt v. Consol. Edison Co.*, No. 18-cv-7262, 2021 WL 3492716, at *8 (E.D.N.Y. Aug. 9, 2021) (dismissing plaintiff's claims without leave to amend after plaintiff had failed to correct the deficiencies identified by the court "after two opportunities to do so").

## CONCLUSION

For the reasons set forth herein, this action is dismissed without prejudice. The Clerk of Court is respectfully directed to enter judgment, to close this action, and to mail a copy of this Order to the *pro se* Plaintiff and to note the mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                                      */s/ Hector Gonzalez*
                                                      HECTOR GONZALEZ
                                                      United States District Judge

Dated: Brooklyn, New York
        February 14, 2025